## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| PATRICIA GARCIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CONTINENTAL CREDIT,<br><br>　　　　　Defendant. | Case No.<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*<br>2. Texas Debt Collection Practices Act, Tex. Fin. Code § 392 *et seq.*<br>3. Invasion of Privacy - Intrusion Upon Seclusion |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Patricia Garcia ("Plaintiff"), by and through her attorneys, alleges the following against Continental Credit ("Defendant" or "Continental"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Texas Debt Collection Practices Act ("TDCPA"), Tex. Fin. Code § 392.302, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion Upon Seclusion, as derived from § 652B of Restatement (Second) of Torts, which

prohibits an intention intrusion, "physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns . . . that would be highly offensive to a reasonable person.

## JURISDICTION AND VENUE

4.  Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq*. and 28 U.S.C. § 1331.

5.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S. Code § 1367 in that they are so related to Plaintiff's federal claim that they form part of the same case or controversy.

6.  Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this District.

7.  Defendant transacts business here; therefore personal jurisdiction is established.

## PARTIES

8.  Plaintiff is a natural person residing in Marble Falls, Burnet County, Texas.

9.  Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1) ) and 15 U.S.C. § 1692(a)(1).

10. Continental is a creditor engaged in the business of offering consumer loans. Continental's principal place of business is located at 517 N. Highway 281, Marble Falls, TX 78654-5708.

11. Continental is a "debt collector" as defined by the TDCPA, Tex. Fin. Code 392.001(6).

12. Continental acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. The debt(s) underlying this action were obligation(s) or alleged obligation(s) of a consumer to pay money arising out of a transaction in which the money, property,

insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes.

14. In or around March 2020, in an attempt to collect on one or more alleged consumer accounts, Continental began calling Plaintiff on her and her husband's cell phone numbers ending in 0553 and 5134, respectively.

15. The calls originated mainly from following telephone numbers: (830) 693-5721 and (830) 798-0258.

16. Upon information and belief, these telephone numbers are owned, operated, or controlled by Continental or its agent(s).

17. On or about March 10, 2020, Plaintiff answered a call from Continental and spoke with a representative.

18. After picking up the call, Plaintiff noticed a short pause before the Continental representative began speaking, consistent with the use of an automatic dialing system.

19. Continental's representative informed Plaintiff that Continental was attempting to collect a debt incurred by Plaintiff.

20. Plaintiff informed the representative that she could not make a payment because both she and her husband are on disability; her husband is very ill; and she is responsible for caring for her husband. Plaintiff then instructed the representative to stop calling her and to communicate with her only by mail.

21. Despite Plaintiff expressly informing Continental to not call her and that she could not pay at the time, Continental continued hounding Plaintiff for a payment.

22. On or about May 4, 2020, Plaintiff answered a call from Continental. Again, Plaintiff heard a long pause and a series of beeps and clicks before a representative began speaking.

23. For the second time, Plaintiff explained her financial hardship and asked that Continental not call her cellphone or her husband's cellphone anymore.

24. Unfortunately, Continental ignored Plaintiff second request to only be contacted by mail.

25. On or about May 6, 2020, Plaintiff answered a third call from Continental and for the third time, she explained her financial hardship and asked that Continental stop calling her.

26. Continental ignored all three requests by Plaintiff for the calls to her cell phone to stop. Instead, Continental called Plaintiff relentlessly for six months, including on the weekends.

27. Between March 10, 2020 and January 5, 2021, Continental called Plaintiff on her cell phone approximately **TWO HUNDRED AND SIXTY-SIX (266)** times after Plaintiff had unequivocally revoked consent to be called.

28. Continental called Plaintiff virtually every day and on many occasions several times in one day. For example, Continental called Plaintiff six (6) times on June 15 and July 27, 2020.

29. Upon information and belief, some of the calls were automated with no live person on the line when Plaintiff would answer.

30. Continental called Plaintiff at incredibly inconvenient, obnoxious, or embarrassing times, including while at work, prior to Plaintiff's normal waking hours, and late in the evening.

31. Every call to Plaintiff's cell phone from Defendant resulted in loss of use of the cell phone, distraction, frustration, embarrassment, and anxiety as Plaintiff would have to pull out the cell phone, check the number, and dismiss the call.

32. Loss of use of Plaintiff's cell phone is a serious concern to Plaintiff, as she needs it to keep track of her husband, who is ill, and her family. This forced Plaintiff to check the cell phone every time it rang.

33. Continental's incessant calling was done with the full knowledge that Plaintiff was already dealing with the anxiety and stress associated with financial hardship, and

after Plaintiff respectfully requested three times that calls to her cell telephone stop and that all communications be conducted via mail.

34. If Continental's intention had been to simply remind Plaintiff of her debt, it could have sent Plaintiff monthly account statements. Continental instead chose to call Plaintiff on her cell phone constantly, at inconvenient and embarrassing times, in an effort to coerce her into making a payment Defendant knew she could not afford to make.

35. Continental's coercive and threatening conduct became even more egregious when it called Plaintiff's husband's cell phone on December 3, 2020, and threatened to come to Plaintiff's home if she did not pay the alleged debt.

36. On July 24, 2019, in response to varying district court opinions the US House of Representatives passed H.R. 3375 by a vote of 429-3. The House intended to clear up any ambiguity with the TCPA and made it clear that the TCPA covers systems that call consumers from a stored list.

37. H.R. 3375 further clarified that a consumer may revoke consent, even consent given in a contract.

38. Upon information and belief, Continental is familiar with the TCPA and TDCPA.

39. Continental's intrusion upon Plaintiff's seclusion was highly offensive to the reasonable person, oppressive, outrageous, and exceeded reasonable collection efforts. Continental's conduct was especially unreasonable because it called relentlessly shortly after Plaintiff explained her financial hardships and expressly revoked consent to be called.

40. As a result of Continental's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish, stress, frustration, anxiety, sleeplessness, embarrassment, and the loss of use of her personal cell phone.

//

## <u>COUNT I</u>
### (Violations of the TCPA, 47 U.S.C. § 227 *et seq.*)

41. Plaintiff incorporates by reference paragraphs one (1) through forty (40) of this Complaint as though fully stated herein.

42. Defendant violated the TCPA.  Defendant's violations include, but are not limited to, the following:

> a.  Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii), which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

> b.  Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial or prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

43. Defendant's acts, as described above, were done willfully in violation of the TCPA.

44. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

//

## COUNT II
### (Violations of the TDCPA, Tex. Fin. Code § 392 *et seq.*)

45. Plaintiff incorporates by reference paragraphs one (1) through forty (40) of this Complaint as though fully stated herein.

46. Defendant violated the TDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated Tex. Fin. Code § 392.302(4) by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

47. Defendant's acts, as described above, were done intentionally, with full knowledge of Plaintiff's financial hardship, and with the purpose of coercing Plaintiff to make a payment that Defendant knew Plaintiff could not afford.

48. As a result of result of the foregoing violations of the TDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the TDCPA, actual damages, statutory damages, and attorneys' fees and costs.

## COUNT III
### (Invasion of Privacy - Intrusion Upon Seclusion)

49. Plaintiff incorporates by reference paragraphs one (1) through forty (40) of this Complaint as though fully stated herein.

50. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite an express request for the calls to cease.

    b. The number and frequency of the telephone calls to Plaintiff by Defendant after a request for the calls to cease and an explanation that Plaintiff could not

afford to make a payment constitute an intrusion on Plaintiff's privacy and solitude.

c. The harassing, embarrassing, and inconvenient timing of the calls evidence an intent to harass and embarrass Plaintiff in order to coerce Plaintiff into making a payment Defendant knew Plaintiff could not financially afford.

d. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often-interrupted Plaintiff's work and sleep schedule.

e. Defendant's acts, as described above, were done intentionally, with full knowledge of Plaintiff's financial hardship, and with the purpose of coercing Plaintiff to make a payment that Defendant knew Plaintiff could not afford.

51. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff Patricia Garcia, respectfully requests judgment be entered against Defendant Continental Credit for the following:

A. Declaratory judgment that Defendant violated the TCPA;

B. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

C. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3);

D. Actual and punitive damages resulting from the invasions of Plaintiff's privacy;

E. Statutory damages of no less than $100 pursuant to Tex. Fin. Code § 392.403(e);

F. Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

G. Costs and reasonable attorneys' fees pursuant to Tex. Fin. Code § 392.403(b);

H.      Any other relief that this Honorable Court deems appropriate.


Respectfully submitted this 11th day of January, 2020.


By: */s/ Lisbeth Findsen*
Lisbeth Findsen
SBN: 24002679
8245 N 85th Way
Scottsdale, AZ 85258
T: (818) 600-5564
E: beth@pricelawgroup.com
*Attorneys for Plaintiff,*
*Patricia Garcia*